JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| TAMAR TESSLER, an individual, | Case No. 2:08-cv-05695-R-RC |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT DAN ZADOK'S MOTION TO SET ASIDE DEFAULT JUDGMENT, UPDATED PURSUANT TO THE OCTOBER 31, 2011 MANDATE BY THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT** |
| DAN ZADOK, an individual, | |
| Defendant. | |

On March 15, 2010, the following motion came on for hearing: *Defendant's Motion to Set Aside Default Judgment*. On March 18, 2010, the Court issued an order denying *Defendant's Motion to Set Aside Default Judgment*. Defendant appealed to the United States Court of Appeals for the Ninth Circuit. On October 31, 2011, the Court of Appeals issued its mandate. On December 7, 2011, this Court set a January 9, 2012 hearing on the mandate of the Court of Appeals, and served notice of this hearing on the parties. On January 9, 2012, this Court held its hearing. Counsel for Plaintiff appeared at the hearing, but neither Defendant nor counsel for Defendant appeared at the hearing. Pursuant to the Ninth Circuit's ruling, the Court clarifies the grounds upon which it denies *Defendant's Motion to Set Aside Default Judgment*.

First, the Court denies the motion because the default resulted from Defendant's culpable conduct. *Falk v. Allen*, 739 F.2d 461, 462 (9th Cir. 1984). Specifically, Plaintiff's opposition to Defendant's motion to set aside the default judgment includes exhibits 1 through 11 which demonstrate that Defendant had hired counsel, that Defendant's counsel executed a stipulation on his letterhead extending the time to file a responsive pleading, that Plaintiff's counsel corresponded extensively with Defendant's counsel, and that Plaintiff's counsel notified Defendant's counsel several times before actually requesting entry of default. Moreover, exhibits 12 through 19 demonstrate that Plaintiff's counsel served several subsequent documents concerning the entry of default to Defendant's counsel and to Defendant before this Court finally entered the default judgment. Defendant did not appear and did not oppose entry of default during any of these proceedings. Instead, Defendant chose not to seek to file any responsive pleading or to appear. Accordingly, the default resulted from Defendant's culpable conduct and *Defendant's Motion to Set Aside Default Judgment* is denied on this first ground.

Second, the Court denies the motion because the evidence demonstrates that

LA01/ 1078666.1

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

[PROPOSED] ORDER

service of process was properly effectuated in this action. Exhibit 20 to Plaintiff's opposition to Defendant's motion to set aside the default judgment is a declaration under penalty of perjury from a process server demonstrating three attempts at personal service of the summons and complaint upon Defendant, the final of which resulted in substituted service. Exhibit 21 to Plaintiff's opposition to Defendant's motion to set aside the default judgment is a declaration under penalty of perjury from a process server stating that the summons and complaint also were mailed to Defendant's residence. This constitutes valid service of process. *Defendant's Motion to Set Aside Default Judgment* is denied on this further ground that the evidence demonstrates that service of process was effectuated.

*Defendant's Motion to Set Aside Default Judgment* and the mandate of the United States Court of Appeals for the Ninth Circuit having been fully considered, and a decision having been fully rendered,

IT IS HEARBY ORDERED that *Defendant's Motion to Set Aside Default Judgment* is denied for the reasons stated.

Dated: January 25, 2012 _____
HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT COURT JUDGE

Respectfully submitted,

DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1400
Los Angeles, California 90067
Tel: (310) 203-4000
Fax: (310) 229-1286

By: /s/ Paul M. Gelb
      Paul M. Gelb

Attorneys for TAMAR TESSLER